# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| RANDALL POKRZYWINSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:11-cv-02562-IPJ-PWG |
| | ) |
| WARDEN DAVENPORT, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OF OPINION**

The magistrate judge filed a report and recommendation on August 20, 2012, recommending that Defendant Davenport's motion for summary judgment be granted and this cause be dismissed with prejudice. (Doc. 19.) Plaintiff filed objections on August 31, 2012. (Doc. 20.)

In his objections, plaintiff reasserts his claim that Defendant Davenport had no reasonable cause to extinguish the sacred fire on June 17, 2011. Administrative Regulation 333 permits a "small fire" during a sweat lodge ceremony and requires that the Chaplain and security personnel ensure that the fire "does not violate any fire safety codes, is small, and safe." (Doc. 16, Ex. A at 9 of 23.) Plaintiff does not dispute that the flames of the sacred fire on June 17, 2011, were five or six feet high

and that the fire was giving off heavy smoke.  Instead, he claims only that the height of the fire and any smoke coming from it were not reasonable grounds to extinguish it since Administrative Regulation 333 does not address these matters specifically. He further contends that the fire was manageable and posed no safety risk.

Plaintiff ignores the fact that even if the regulation does not speak to the height of the fire or any resulting smoke, the regulation charges the Chaplain and security personnel, including Warden Davenport, with the responsibility of making sure the fire is "small, and safe."  (Doc. 16, Ex. A at 9 of 23.) There is no question that any fire lit on institutional grounds presents a safety concern for inmates, staff, and the institution as a whole if the fire becomes unmanageable.  The evidence shows that as a result of the fire height and amount of smoke, Davenport determined that a safety hazard existed and immediately took action to eliminate the risk to inmates and staff. The evidence shows that plaintiff merely disagrees with Davenport's judgment on whether the fire posed a danger.  However, evaluation of penological objectives is committed to the judgment of prison administrators "who are actually charged with and trained in the running of the particular institution under examination." *Bell v. Wolfish*, 441 U.S. 520, 562 (1979).  The evidence shows that Warden Davenport observed a safety hazard and acted in a reasonable manner which was essential for the safety and security of the prison.

Plaintiff further alleges that he did not participate in rebuilding a second, smaller fire with other inmates after Davenport extinguished the large fire and, therefore, he was deprived of his right to exercise his religion. However, plaintiff does not allege that Davenport prevented him in any way from participating in the rebuilding of the second fire. Additionally, plaintiff makes only a conclusory allegation that Davenport discriminated against the Turtle Clan when he extinguished the fire. Plaintiff does not allege that other clans or religious groups built fires that posed a safety hazard and Davenport permitted such fires.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections filed by the plaintiff, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and his recommendation is ACCEPTED. The Court EXPRESSLY FINDS that there are no genuine issues of material fact and that Defendant Davenport is entitled to judgment as a matter of law. Accordingly, Defendant Davenport's motion for summary judgment is due to be GRANTED and this action is due to be DISMISSED WITH PREJUDICE. A Final Judgment will be entered.

DONE this the 17th day of September 2012.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE